FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

200? MAY -2  AM II: 34

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| LEON COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-207 |
| | ) | |
| CYNTHIA NELSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner brought the captioned case pursuant to 28 U.S.C. § 2254. The matter is before the Court on Respondent's motion to dismiss the petition as untimely. Doc. no. 6 Upon prompting from the Court, Petitioner has filed a response. Doc. no. 11. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that the instant petition be **DISMISSED**, and that this case be **CLOSED.**

I.       **BACKGROUND**

On August 4, 1995, Petitioner pled guilty to aggravated battery and possession of a firearm by a convicted felon in the Superior Court of Richmond County, Georgia. See Resp't Ex. 4. Petitioner did not file a direct appeal, but he did file a state habeas corpus petition on June 22, 2004. Resp't Ex. 1. The state habeas court conducted an evidentiary hearing on September 17, 2004 and denied Petitioner's petition on October 26, 2004. Resp't Exs. 2, 4. Petitioner then filed an application for a certificate of probable cause to appeal to

the Georgia Supreme Court, which the Georgia Supreme Court denied on September 20,

2005. Resp't Ex. 3. Petitioner then executed the instant federal petition on December 21,

2005. Doc. no. 1, p. 9.

Respondent now argues that the instant petition should be dismissed as time-barred.

For the following reasons, the Court agrees.

## II.    DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28

U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

28 U.S.C. § 2244(d).

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the Court presumes the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), quoted above, a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." As Petitioner did not file a direct appeal of his conviction, his conviction became "final" on or about September 3, 1995, when the thirty (30) day period to file an appeal provided for by O.C.G.A. § 5-6-38(a) expired.

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until December 2005, more than eight years too late. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. However, as the Court has already noted, Petitioner has provided no basis for supposing that these provisions apply. Thus, the Wilcox

3

bright-line rule applies. That said, a prisoner may also stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). In addition, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).

Relying upon § 2244(d)(2), Petitioner argues that his federal petition should be considered timely because he sought habeas corpus relief in state court. Doc. no. 11, p. 2. This contention is meritless. By the time Petitioner sought habeas relief in state court in 2004, the period of limitations had already expired. Of course, the Court recognizes that according to the above-quoted provision of § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for post-conviction or collateral review is pending in state court. Nevertheless, "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). In sum, § 2244(d)(2) is of no benefit to Petitioner.

Nor has Petitioner shown an entitlement to equitable tolling. Equitable tolling "is an extraordinary remedy that is typically applied sparingly," and it is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Wade v. Battle, 379 F.3d 1254, 1265 (11th

4

Cir. 2004) (*per curiam*) (citations and quotations omitted). Accordingly, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. Here, Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" and "due diligence" thresholds described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[1]

## III.   CONCLUSION

For the foregoing reasons, the Court **FINDS** the instant petition for a writ of habeas corpus is time-barred. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss (doc. no. 6) be **GRANTED**, that the instant petition be **DISMISSED**, and that this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this ⟍2⟍ day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1]Nor has Petitioner made a claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). "Actual innocence" refers to the rare instance in which a *constitutional violation* has resulted in the conviction of one who is probably innocent. Sibley, 377 F.3d at 1205.